# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0704, <u>Monica Banerjee v. Town of Wilmot</u>, the court on April 29, 2016, issued the following order:**

Having considered the brief, memorandum of law, reply brief, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The plaintiff, Monica Banerjee, appeals the order of the Superior Court (<u>McNamara</u>, J.) dismissing her complaint against the defendant, Town of Wilmot, for failure to state a claim upon which relief can be granted and for failure to file suit within the applicable statute of limitations.

In her complaint, the plaintiff alleged that the town, by issuing a permit allowing her to construct a mixed-use building 35 feet in height, impliedly promised her that it would maintain firefighting equipment sufficient to adequately respond to a fire in a building of that height. She further alleged that, in constructing her building, she relied upon the town's implied promise, and that the town breached its promise by failing to maintain equipment capable of fighting a fire in her building.

The trial court ruled that the plaintiff failed to state a claim upon which relief can be granted because the issuance of a building permit did not create a contractual relationship between the town and the plaintiff to provide any level of fire protection service. See RSA 154:1-d(a) (2014) ("The failure to respond to a fire or other emergency, or to . . . maintain any particular level of personnel, equipment or facilities, shall not be a breach of any duty to persons affected by any fire or other emergency.").

Furthermore, the trial court found that the plaintiff's claim was barred by the applicable statute of limitations, and that the second suit statute, RSA 508:10 (2010), did not apply because the plaintiff's federal court action did not include a claim for promissory estoppel.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the

relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**